Brian N. Spector - 010112
**SCHNEIDER & ONOFRY, P.C.**
365 E. Coronado Road
Phoenix, AZ 85004
Telephone: (602) 200-1295
Fax: (602) 230-8985
E-mail: minute-entries@soarizonalaw.com
bspector@soarizonalaw.com
Attorneys for Debtors Barsano

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| In Re:<br><br>EDWARD J. BARSANO AND JEANNE BARSANO,<br><br>Debtors. | Chapter 11<br><br>No. 2:17-bk-11887-BKM<br><br>**MOTION FOR ORDER GRANTING DISCHARGE OF DEBTORS, FOR ABANDONMENT OF SCOTTSDALE LOT, FOR ENTRY OF FINAL DECREE, AND FOR CLOSURE OF CASE** |
|---|---|

Edward and Jeanne Barsano (the "Barsanos"), through undersigned counsel, hereby move for entry an order granting their discharge, for entry of a final decree, and for closure of the above-captioned case (the "Motion"), and in support thereof, state as follows:

1. The Barsanos filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about October 6, 2017.

2. The Barsanos' Chapter 11 Plan of Liquidation Dated March 28, 2019 (the "Plan") [Doc. No. 221], was confirmed on or about May 24, 2019. [Doc. No. 257.]

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory basis for the relief requested includes 11 U.S.C. §350(a) and Fed. R. Bankr. P. 3022.

4. The Plan provides that the Barsanos shall be entitled to seek entry of an order discharging their debts on the terms set forth in Bankruptcy Code §1141(d)(5) are the proceeds of their liquidation are distributed.

5. In accordance with the Plan, the Barsanos have completed their liquidation of assets and distributions the net proceeds to creditors. Distributions have been made to Classes 1 and 2 (administrative and other priority claimants). The secured claims of Classes 3A (Chase), 3B (Castro) and 3D (Townsgate) have been fully paid from proceeds from the sale of their collateral. Class 3C (BMW Bank) received a return of its collateral.

6. The Barsanos have been unable to sell the Scottsdale Lot for an amount sufficient to pay all sales costs and liens thereon by the time for doing so – February 24, 2020. Accordingly, the Class 3E claimant, whose claim was secured by the Scottsdale Lot, may now foreclose on the Scottsdale Lot. The Barsanos propose that, in accordance with Bankruptcy Code §554(c), the Scottsdale Lot be deemed abandoned upon entry of an order granting this Motion and closing this case.

7. Class 4 claimants (general unsecured) have received a pro rata distribution on their claims. The Plan has been fully performed and consummated and, other than those

distributions reflected in a notice of proposed final distribution being filed concurrently herewith, no further distributions are anticipated.[1]

8. Additionally, the Barsanos have filed, or will file prior to the granting of this Motion, all reports requested by the United States Trustee's Office and pay all required fees.

9. There is no reasonable cause to believe that § 522(q)(1) is applicable to the Barsanos, and there is no pending proceeding in which the Barsanos may be found guilty of a felony of the kind described in § 522(q)(1)(A) or liable for a debt of the kind described in § 522(q)(1)(B).

10. Pursuant to Fed. R. Bankr. P. 1007(b)(7), the undersigned represents that 11 U.S.C. § 1141(d)(3) is not applicable to the Barsanos. The Barsanos have filed a statement of completion of the personal financial management course.

11. In the foregoing context, the Barsanos are now eligible for a discharge pursuant to § 1141(d)(5)(A).

12. Pursuant to Bankruptcy Code §350 and Bankruptcy Rule 3022, once an estate is fully administered, the Court is to enter a final decree closing the case. Here, the Court can conclude that the estate has been fully administered.[2] The confirmation order is final;

---

[1] The Barsanos have yet to complete their 2019 tax filings, and they are currently trying to determine whether an amendment to their 2018 tax filings is in order. They are not sure how long it will take for these to be processed and did not want to indefinitely hold up the final GUC distribution and the closing of this case while waiting for that processing to be completed.

[2] With respect to whether the estate has been fully administered and the case should be closed, the Advisory Committee Notes to Rule 3022 are instructive:

> Entry of a final decree closing a chapter 11 case should not be delayed simply because plan payments have not been completed. Factors that the court should consider in determining whether the estate has been full administered include 1) whether the order confirming the plan has become final, 2) whether deposits required by the plan have been distributed, 3) whether the property proposed by the plan to be transferred has been transferred, 4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, 5) whether payments under the plan have commenced; and 6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open solely because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered

no deposits required by the Plan remain undistributed; the liquidation has been completed and distributions have been made; and there are no pending adversary proceedings or contested matters.

13. Wherefore, the Barsanos respectfully request that this Court enter an order (1) granting this Motion; (2) granting them a discharge pursuant to 11 U.S.C. §1141(d)(1) and (d)(5) from any and all debts that that arose prior to the Confirmation Date, with such discharge to be effective to the full extent provided under the Bankruptcy Code, including without limitation, 11 U.S.C. §524; (3) enjoining any holder of a claim from asserting against the Barsanos or their assets any claim based upon any act, omission, transaction, or other activity that occurred prior to the Confirmation Date, except as otherwise provided in the Confirmed Plan; (4) entering a final decree; (5) closing this case; (6) deeming the Scottsdale Lot abandoned; and (7) granting such other and further relief as the Court deems appropriate. A form of order granting this Motion is attached hereto as Exhibit B.

Dated as of April 6, 2020.

        SCHNEIDER & ONOFRY, P.C.

        By  /s/ *Brian N. Spector*
            Brian N. Spector
            365 E. Coronado Road
            Phoenix, Arizona 85004
            Attorneys for the Barsanos

---

does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to §350(b) of the Code.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991). Additionally, see *In re Johnson*, 402 B.R. 851 (Bankr. N. D. Ind. 2009)(holding that an estate can be fully administered even if a discharge has not yet been granted).

- 4 -

# Exhibit A

| Claimant | Claim Amount | | Pro Rata | Distribution |
|---|---|---|---|---|
| Wells Fargo (Claim No. 7) | $2,530.14 | $6,718.17 | 0.001258085 | $8.45 |
| Wells Fargo (Claim No. 5) | $11,188.18 | $6,718.17 | 0.005563201 | $37.37 |
| Wells Fargo (Claim No. 4) | $36,651.96 | $6,718.17 | 0.018224788 | $122.44 |
| Trident Ventures | $27,500.00 | $6,718.17 | 0.013674075 | $91.86 |
| Honor Health | $1,397.00 | $6,718.17 | 0.000694643 | $4.67 |
| U.S. Department of Education | $327,420.28 | $6,718.17 | 0.162806167 | $1,093.76 |
| MCA Financial Claim | $26,945.12 | $6,718.17 | 0.013398167 | $90.01 |
| Milligan Lawless Claim | $24,954.64 | $6,718.17 | 0.012408423 | $83.36 |
| Gallagher & Kennedy | $81,616.01 | $6,718.17 | 0.040582672 | $272.64 |
| Don Francone | $4,000.00 | $6,718.17 | 0.001988956 | $13.36 |
| Tiffany & Bosco | $16,708.00 | $6,718.17 | 0.008307871 | $55.81 |
| OPM 4, LLC | $51,935.17 | $6,718.17 | 0.025824197 | $173.49 |
| Sunil Wadhwa | $1,314,342.29 | $6,718.17 | 0.653542384 | $4,390.61 |
| CoolTrade, Inc. | $75,000.00 | $6,718.17 | 0.037292933 | $250.54 |
| LVNV Funding, LLC | $8,436.64 | $6,718.17 | 0.004195027 | $28.18 |
| Internal Revenue Service | $479.47 | $6,718.17 | 0.000238411 | $1.60 |
| | | | | |
| Total | $2,011,104.90 | | 100% | $6,718.17 |

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| In re:<br><br>EDWARD J. BARSANO and JEANNE BARSANO,<br><br>Debtors. | Chapter 11<br><br>Case No: 2:17-bk-11887-BKM<br><br>(Jointly Administered)<br><br>**ORDER GRANTING DISCHARGE OF DEBTORS, ENTERING FINAL DECREE, AND CLOSING CASE** |
|---|---|

This matter comes before the court pursuant to the Barsanos' Motion for Order Granting Discharge of Debtors, for Entry of Final Decree, and for Closure of Case (the "Motion")

Based on the entire record in this case, **THE COURT FINDS AND CONCLUDES** as follows:

1. The Barsanos' Chapter 11 Plan of Liquidation Dated March 28, 2019 (the "Plan") [Doc. No. 221], was confirmed on or about May 24, 2019. [Doc. No. 257.]

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory basis for the relief requested includes 11 U.S.C. §350(a) and Fed. R. Bankr. P. 3022.

3. The Plan provides that the Barsanos shall be entitled to seek entry of an order discharging their debts on the terms set forth in Bankruptcy Code §1141(d)(5) are the proceeds of their liquidation are distributed.

4. The estate has been fully administered.

Good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

A. The Motion is granted.

B. The Barsanos are hereby granted a discharge pursuant to 11 U.S.C. §1141(d)(1) and (d)(5) from any and all debts that that arose prior to the Confirmation Date, with such discharge to be effective to the full extent provided under the Bankruptcy Code, including without limitation, 11 U.S.C. §524.

C. Any holder of a claim is hereby enjoined from asserting against the Barsanos or their assets any claim based upon any act, omission, transaction, or other activity that occurred prior to the Confirmation Date, except as otherwise provided in the Confirmed Plan.

D. The Scottsdale Lot, as defined in the Plan, is deemed abandoned.

E. This Order constitutes entry of a final decree in this bankruptcy case.

F. This case is closed.

**DATED AND SIGNED ABOVE.**